MARY FRANCES CRAIG *et al.* Appellees, *vs.* ELLA R. COX, Appellant.

*Opinion filed October 26, 1912.*

1. LIMITATIONS—*when grantee is in position of tenant in common in possession.* A husband who before the death of his wife is in possession of her land as her agent, and who, five days after her death, without having surrendered possession, receives a deed from two heirs of the wife purporting to convey the entire title to the land, is in the position of a tenant in common in possession at the time of receiving the conveyance, and his possession is therefore for the benefit of all co-tenants.

2. SAME—*what possession does not operate as a disseizin.* The fact that a tenant in common, who was in possession at the time of receiving a conveyance from certain co-tenants purporting to convey the entire title, appropriates the rents, pays the taxes and makes improvements but not of an extensive character, does not amount to a disseizin of his co-tenants and notice that he claims adversely to them.

APPEAL from the Circuit Court of Christian county; the Hon. J. C. McBRIDE, Judge, presiding.

FORNOFF & GRIFFITH, for appellant.

GUSTAVE NELSON, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a bill filed by the appellees for a partition of the north-west quarter of section 8, township 11, north, range 7, east of the third principal meridian, in Christian county. The bill alleged that Sarah L. Cox was the owner of said tract of land at the time of her death, July 7, 1895; that she died intestate, leaving no child or children or descendants of a child or children, but left surviving her as her heirs her husband, James W. Cox, four sisters, three brothers, and two nephews and a niece, children of a deceased sister of the said Sarah L. Cox; that one of her

brothers has died since her death, leaving a widow and one son. Two of the sisters, Louisa T. Andrews and Elizabeth J. Cramer, executed a deed to the surviving husband, James W. Cox, July 12, 1895, which was five days after the death of Mrs. Cox. The deed is the statutory form of warranty deed and purports to convey to the grantee the entire 160 acres of land. The bill alleged that said deed conveyed the interest of the grantors to the grantee; that said James W. Cox inherited one-half of said real estate from his wife, and by virtue of such inheritance and the conveyance of the two sisters mentioned he became the owner of thirty forty-eighths of said land; that complainants, who are the brothers, sisters, nephews and the niece of Sarah L. Cox, inherited eighteen forty-eighths thereof, the interest of the surviving son of the deceased brother, Charles Smith Orr, being subject to the dower of the widow of said deceased brother of Sarah L. Cox. The bill further alleged that James W. Cox was in the continuous possession of said land, as tenant in common with complainants, from the death of his wife until his death, which occurred July 11, 1910. The bill alleged he died intestate, leaving appellant, Ella R. Cox, his widow, and certain other collateral kin mentioned, as his only heirs-at-law, but that since his death all of said collateral heirs have conveyed their interest in the real estate to the widow, Ella R. Cox, who thereby became the owner of the entire interest of James W. Cox in said premises. The bill prays for a partition, assignment of dower to the widow of Charles Smith Orr, and for an accounting. In her answer appellant set up and relied upon the deed from Louisa T. Andrews and Elizabeth J. Cramer to James W. Cox, seven years' possession thereunder, and payment of taxes upon the premises for seven successive years. This, under section 6 of the Limitation act, it is alleged, divested appellees of their interest in the premises, and appellant now claims to be the owner of the entire land in controversy in fee simple.

The case was referred to the master in chancery to take the testimony and report his conclusions. The master heard the evidence and reported, recommending a decree in accordance with the prayer of the bill. Exceptions to the report were overruled by the chancellor and a decree entered in accordance with the recommendations of the master. From that decree appellant, the surviving widow of James W. Cox, has appealed to this court.

It is not disputed that appellees inherited from Sarah L. Cox the interest in the premises claimed in their bill. Each brother and sister inherited from Sarah L. Cox three forty-eighths of the land described in the bill and the children of the deceased sister inherited the same interest. Louisa T. Andrews and Elizabeth J. Cramer only owned six forty-eighths of the land, but by their deed to James W. Cox they purported to convey the entire tract. It is insisted this was good color of title; that it was made in good faith, and there is no dispute that James W. Cox was in possession of the premises and paid taxes thereon more than seven years after the deed was made to him.

Appellant contends that the rule that one tenant in common in possession cannot acquire color of title in himself to the whole premises by procuring to himself the conveyance of an outstanding title is not applicable to this case, for the reason, it is claimed, that James W. Cox was not in possession when the conveyance was made to him by Louisa T. Andrews and Elizabeth J. Cramer but that he entered into possession by virtue of that deed. The bill alleges James W. Cox was in possession of the land when he received the conveyance from the sisters of his deceased wife. Appellant contends the burden was on appellees to prove this allegation and that they failed to do so. Appellant's position is, that James W. Cox was not in possession when his wife died, and that he entered upon the land by virtue of the conveyance from her two sisters. It will be remembered that this conveyance was made five days after

the death of Mrs. Cox. She and her husband did not reside upon the land but lived in the city of Pana, some four miles from it, and the proof shows the land was managed, superintended and controlled by Cox during the lifetime of his wife, and there was no apparent change in his dominion over the land after her death. W. W. Morrison testified he was a close neighbor and intimate friend of Mr. and Mrs. Cox; that he had known the land ever since Cox bought it, a few years later than 1865. The witness owned land near it, saw Cox in possession, and after the death of his wife it was carried on the same as before; that Cox superintended the land, and there was no change in his relation to it after his wife's death until his death. George German testified he lived on the land from 1889 to 1897; that from the time he went on the land until March 1, 1896, he was working for Cox, and that he rented the land for the year March 1, 1896, to March 1, 1897; that he went on the land in 1889 under Cox's orders and never had anything to do with Mrs. Cox while he lived on the land; that all business relating to it was transacted by him with Cox.

If it were necessary, as contended by appellant, that appellees prove the allegation of their bill that James W. Cox was in possession when he received the conveyance from the sisters of his deceased wife, we think this proof sufficient. (*Horn* v. *Metzger*, 234 Ill. 240.) The testimony sufficiently shows that Cox was in possession of the land, as agent of his wife, at the time of her death, and no change occurred before the making of the conveyance by her two sisters. His possession, therefore, was that of a tenant in common in possession receiving a conveyance purporting to convey to him the entire title to the whole of the premises. His possession was for the benefit of all his co-tenants. (*Carpenter* v. *Fletcher*, 239 Ill. 440; *Long* v. *Morrison*, 251 id. 143.) So far as shown by the proof, Cox did nothing after receiving the deed from the two

sisters of his deceased wife to charge his co-tenants with notice that he claimed to be the sole owner of the land. True, he had possession, appropriated the rents, paid the taxes and made some improvements not of an expensive character, but this was not a disseizin of his co-tenants and notice that he claimed adversely to them. *Busch* v. *Huston,* 75 Ill. 343; *Ball* v. *Palmer,* 81 id. 370; *McMahill* v. *Torrence,* 163 id. 277.

We are of opinion appellees were not barred by the seven years Statute of Limitations, and the decree is affirmed.

*Decree affirmed.*